

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 27, 1957

Hon. William A. Harrison            Opinion No. WW-235
Commissioner of Insurance
State Board of Insurance            Re: Whether the Tri-County Mu-
Austin 14, Texas                        tual Insurance Company was
                                        organized and operating as
                                        such on May 22, 1953, and
                                        thereby entitled to the in-
                                        dustrial exemption contained
                                        in Article 17.02 of the In-
                                        surance Code.  And related
Dear Mr. Harrison:                      question.

          Your request for an opinion is based upon the follow-
ing facts:

          Article 17.02 of the Insurance Code exempts county
mutual insurance companies "organized and operating as a county
mutual fire insurance company on May 22, 1953, whose business is
devoted exclusively to the writing of industrial fire insurance
policies. . ." from the provisions of S. B. 107, Acts 53rd Legis-
lature, Regular Session 1953, Chapter 196, Page 540 and S.B. 15,
Acts 54th Legislature 1955, Chapter 117, Page 413.  On March 12,
1953, the Board of Insurance Commissioners issued a temporary
permit to Tri-County Mutual Insurance Company to organize a coun-
ty mutual fire insurance company under the provisions of Chapter
17, Insurance Code.  This permit granted the company authority
to solicit and receive applications for insurance and collect
premiums thereon and issue receipts therefor as provided by sta-
tutes, but not to issue policies of insurance or pay claims.

          Thereafter, on June 4, 1953, and based upon affidavits,
general interrogatories, policy forms, rates and applications
dated and file marked June 2 and June 4, 1953, the Board of Insur-
ance Commissioners granted to the Tri-County Mutual Insurance
Company a certificate of authority to pursue the business of a
county mutual fire insurance company in accordance with the pro-
visions of Chapter 17, Insurance Code.

          Between the issuance to the company of the temporary
permit and permanent certificate of authority, S. B. 107 became
effective on May 22, 1953, and made certain financial require-
ments of county mutual insurance companies.  However, S. B. 107
contained the following exemption:

> "The provisions of this Act shall not apply
> to any county mutual insurance company now organ-
> ized and operating as a county mutual fire insur-
> ance company whose business is devoted exclusively
> to the writing of industrial fire insurance policies.
> . . ."

Thereafter, on June 20, 1954, the company was issued a certificate of authority to transact the business of an industrial county mutual fire insurance company devoted exclusively to the writing of industrial fire insurance policies.

However, on July 10, 1955, the company was issued a certificate of authority only to continue the business in force as of December 31, 1954, because of failure to qualify under the provisions of S. B. 107.

This certificate of authority of July 10, 1955, was issued in compliance with the provisions of S. B. 107 prior to the effective date of S. B. 15. S. B. 15, which became effective September 7, 1955, contained the exemption which is of primary concern to this request and it is as follows:

> ". . .Provided, however, that neither the
> provisions of this Act nor the provisions of
> Senate Bill No. 107, Acts of the 53rd Regular
> Session, Texas Legislature, 1953, effective May
> 22, 1953, shall apply to any county mutual in-
> surance company organized and operating as a
> county mutual fire insurance company on May 22,
> 1953, whose business is devoted exclusively to
> the writing of industrial fire insurance policies.
> . . ." (Now found in Article 17.02 of the Insur-
> ance Code).

We quote from your opinion request the following:

> "The Tri-County Mutual Insurance Company was
> not issued a certificate of authority for the year
> ending May 31, 1957. The company has made applica-
> tion for a certificate of authority under the in-
> dustrial exemption contained in S.B. 15 for the year
> ending May 31, 1958. There appears to be no question
> that on September 7, 1955, the effective date of S.B.
> 15, Tri-County was devoted exclusively to the writing
> of industrial business. However, there is some ques-
> tion as to whether the company is entitled to a cer-
> tificate of authority under the industrial exemption
> contained in S.B. 15 because it must have been 'organ-
> ized and operating as a county mutual fire insurance

company on May 22, 1953'. The company received its first certificate of authority on June 4, 1953, after having received a temporary permit to organize a county mutual fire insurance company on March 12, 1953.

"We respectfully request your opinion as to whether the Tri-County Mutual Insurance Company was organized and operating as a county mutual fire insurance company on May 22, 1953, and thereby entitled to the industrial exemption contained in S. B. 15, (Article 17.02)?

"We further request your opinion as to whether there is any sort of waiver, estoppel, or bar against the State Board of Insurance from raising this question at this time due to the fact that the Board of Insurance Commissioners on June 4, 1953, and July 20, 1954, issued to the company unrestricted certificates of authority after the effective date of S. B. 107, May 22, 1953."

The scheme of organization of county mutual insurance companies provided in Chapter 17 of the Insurance Code at the time the Tri-County Mutual Insurance Company obtained its temporary permit was as follows: The Board of Insurance Commissioners issued a temporary permit to the applicant to allow the solicitation of enough policies of insurance to satisfy the minimum requirements of the Code. When these minimum requirements had been satisfied, then, and not until then, the charter could be granted, the company would be fully organized and could operate as a county mutual insurance company. See Articles 17.02-17.05 of the Insurance Code, before the amendatory act of 1953. The temporary permit issued to Tri-County Mutual Insurance Company on March 12, 1953, was only for this purpose of organization. Its certificate of authority to operate as a county mutual fire insurance company was not issued until June 4, 1953, after the effective date of S. B. 107, May 22, 1953. Therefore, the company was not organized and operating as a county mutual fire insurance company on May 22, 1953.

Your second question must also be answered in the negative. The issuance of certificates of authority to the company in such form as those of June 4, 1953, and July 20, 1954, was not authorized by statute due to the fact that apparently the company had not qualified under the provisions of S. B. 107 and, as stated above, was not organized and operating on May 22, 1953. Normally no estoppel will arise against the State from the exercise of its regulatory powers, and certainly there would be none as a result of unauthorized actions of a State board. Weatherly v. Jackson, 123 Tex. 213, 71 S. W.2d 259 (1934); Carruthers v. Rogan, 96 Tex. 113, 70 S. W. 18 (1902).

## SUMMARY

The Tri-County Mutual Insurance Company was not organized and operating as a county mutual fire insurance company on May 22, 1953, so as to be entitled to the industrial exemption contained in Article 17.02 of the Insurance Code. There is no estoppel against the State Board of Insurance from raising this question at this time.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

FRANK W. ELLIOTT, JR.
Assistant

FWE:pc

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

Mary Kate Wall

W. R. Hemphill

Roger Daily

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Geo. P. Blackburn